IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JENIFER Y. ARIZPE, INDIVIDUALLY, | § | |
| AND AS REPRESENTATION OF THE | § | |
| ESTATE OF MAXIMILIANO ARIZPE | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION  15 - 264 |
| | § | |
| TCSI TRANSLAND, INC. AND | § | |
| GUADALUPE GONZALEZ | § | |
| Defendants. | § | |

### DEFENDANT, TCSI-TRANSLAND, INC.'S NOTICE OF REMOVAL

Defendant TCSI-TRANSLAND, INC. improperly named TCSI-Transland, Inc., (hereinafter "TCSI"), files this Notice of Removal pursuant to 28 U.S.C.A. § 1653, and in support thereof would respectfully show unto the Court as follows:

### A. Procedural History

1.    On March 3, 2015, Plaintiff sued TCSI and Guadalupe Gonzalez for negligence in the 92nd Judicial District Court, Hidalgo County. Plaintiffs alleges that on June 7, 2013, decedent Maximiliano Arizpe died after striking a tractor-trailer owned and operated by Defendant, TCSI while traveling in the state of Iowa.    Plaintiff alleges the tractor-trailer was parked illegally partially blocking the inside lane of IH 80 westbound due to the failure of a negligently repaired, maintained and inspected brake line.    Plaintiff further improperly pleads that Defendant, Guadalupe Gonzalez was negligent in the repair, maintenance and inspection of the 2000 Mercury Marquis that Mr. Arizpe was driving at the time of the accident.

2.      Defendant, TCSI was served with the suit on May 14, 2015.   Defendant, TCSI
        answered the Petition with a timely general denial on June 8, 2015

3.      Defendant, TCSI files this notice of removal within the 30-day time period
        required by 28 U.S.C. §1446(b), after having received information sufficient to
        determine that the case was removable.

### B. Diversity Jurisdiction

4.      This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), in
        that there is complete diversity among the properly joined Defendants, and the
        amount in controversy exceeds $75,000.

5.      Removal is proper because there is complete diversity between the parties.   28
        U.S.C. §1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th
        Cir. 2000). A corporation is a citizen of both the state where it was incorporated
        and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).
        In this case the citizenship for the properly joined Plaintiff and Defendant is as
        follows:

        A.      The personal representative of the Estate of Maximiliano Arizpe is alleged
                by Plaintiff to be a resident of Texas.

        B.      Defendant TCSI is a Missouri corporation whose principal place of
                business is in Missouri.

6.      Improperly joined defendant Guadalupe Gonzalez is alleged by Plaintiff to be a
        resident of Texas.   However, the citizenship of an improperly joined party is
        totally disregarded in determining the court's subject matter jurisdiction.
        *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Furthermore, a fraudulently joined defendant need not join in or consent to the removal since only "defendants who are properly joined and served must join in the removal." *Getty Oil Corp. v. Ins. Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988).

7.     Removal is proper because Plaintiff improperly joined Guadalupe Gonzalez, the only Texas defendant, solely to defeat diversity jurisdiction.  *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).  Improper joinder can be demonstrated by showing either actual fraud in the pleading of jurisdictional facts or Plaintiff's inability to establish a cause of action against the non-diverse defendant in state court.  *Smallwood,* 385 F.3d at 573.    In this case TCSI provides that Plaintiff cannot establish a cause of action against Guadalupe Gonzalez.

8.     The test for improper joinder is whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  *Id.* at 573.   A reasonable basis means more than a mere hypothetical basis.  *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).

9.     Specifically, the Plaintiff's First Amended Original Petition alleges that Guadalupe Gonzalez was "negligent in the repair, maintain, and inspection of the 2000 Mercury Marquis vehicle including but not limit to the braking system of the vehicle which failure was negligence and a proximate cause of the incident in question and the injuries to and damages suffered by the Plaintiff. See attached Exhibit C, *Plaintiff's First Amended Original Petition with Request for*

*Disclosure*, Docket Entry 4, p. 4.) Plaintiff makes no other allegation or claim as to Guadalupe Gonzalez.

10.    In order to determine whether a plaintiff has a reasonable basis for recovery against the in-state defendant, the court can conduct a Rule 12(b)(6)-type analysis. *Anderson v. Georgia Gulf Lake Charles,* 342 Fed. Appx. 911, 915 (5th Cir. 2009). The court should "pierce the pleadings" and consider summary judgment evidence such as affidavits and deposition testimony.    *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995).    Conclusory or generic allegations of wrongdoing by the in-state defendant are not sufficient to show the defendant was not improperly joined.    *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392-393 (5th Cir. 2000).    Plaintiff cannot simply rely upon the allegations or denials of their pleadings.    *Beck v. Texas State Bd. of Dental Examiners,* 204 F.3d 629, 633 (5th Cir. 2000).

11.    As an initial matter, Plaintiff fails to state a recoverable claim against Defendant, Guadalupe Garza on the face of the Petition filed in state court.    Plaintiff alleges that Defendant, Garza failed to repair, maintain or inspect the 2000 Mercury Marquis; however, Plaintiff fails to allege any facts that demonstrate Defendant, Garza had a duty to repair, maintain or inspect the subject 2000 Mercury Marquis. To establish a negligence claim, Plaintiff must demonstrate that 1) Defendant, Garza had a legal duty to Mr. Arizpe, 2) that Defendant, Garza breached that duty and 3) Plaintiff's damages proximately resulted from the breach.    *El Chico Corp. v. Poole,* 732 S.W.2d 306, 311 (Tex. 1987).    Duty is the threshold inquiry as to negligence and the foremost and dominant consideration in determining the

existence of duty is the foreseeability of the risk.   *Id.* at 311.   In this case, Plaintiff has alleged no facts to support the creation of a duty in Defendant, Garza or even facts that would allow the Court to infer that Defendant, Garza acted in any way that would demonstrate that the accident involving Mr. Arizpe would be foreseeable from such actions.   As a result, Plaintiff's claim against Defendant, Garza is facially deficient and fails as a matter of law demonstrating that Plaintiff has no reasonable basis for recovery against Defendant, Garza.   Thus the joinder of Defendant, Garza is improper and TCSI's removal to Federal Court is proper.

12.     Additionally, Plaintiff's First Amended Petition fails to allege facts that demonstrate Defendant, Garza's breached any duty or that such breach contributed to Plaintiff's damages.     In Plaintiff's factual allegation of the accident, Plaintiff provides that Tina Ordway, the driver of a tractor-trailer owned and operated by TCSI was negligently parked partially blocking the inside lane of westbound IH 80.   See attached Exhibit C, *Plaintiff's First Amended Original Petition and Request for Disclosure*, at Docket Entry 4, pp. 2, 3.   The tractor allegedly broke down because the airbrake line had been negligently repaired, maintained and/or inspected.   *Id.*   The Mercury Marquis driven by Mr. Arizpe struck the "illegally parked" tractor-trailer resulting in Plaintiff's damages.   *Id.* At no time does Plaintiff allege that the Mercury Marquis experienced any mechanical failure that was a proximate cause of the accident and Plaintiff's damages.     The complete absence of such allegations demonstrate that Plaintiff does not intend to pursue a negligence cause of action against Defendant, Garza, but merely added Defendant, Garza to defeat diversity jurisdiction.   As a result,

TCSI's removal is proper.

13.     In looking beyond Plaintiff's pleadings, the facts developed in this case also demonstrate there is no reasonable basis for believing that Plaintiff can recover from Guadalupe Garza in state court. Both the investigation by the Iowa State Patrol and accident reconstructionist, John Goebelbecker demonstrate that there is no indication that a mechanical defect in the 2000 Mercury Marquis was a proximate cause of Plaintiff's damages in this case.    See attached Exhibit A, Affidavit of John Goebelbecker and Exhibit B, Iowa State Patrol Report.

14.     These investigations of the subject accident contain no evidence that the 2000 Mercury Marquis had any mechanical defect that contributed to the subject accident.   More specifically, there is no indication that the brakes on the 2000 Mercury Marquis were defective at the time of the accident.   An inspection of the subject 2000 Mercury Marquis after the accident did not suggest any issue with the brakes that would have contributed to the subject accident.   See attached Exhibit A, Affidavit of John Goebelbecker and Exhibit B, Iowa State Patrol Report. Furthermore, Maximiliano Arizpe died at the scene of the accident before any statement regarding the subject accident could be preserved that would comment on the mechanical soundness of the subject 2000 Mercury Marquis. See attached Exhibit B, Iowa State Patrol Report.    This makes it impossible that Plaintiff will have any direct testimony that the 2000 Mercury Marquis had a mechanical defect that caused the accident.   Any such argument for liability at this point would be a mere hypothetical and would not support a cause of action against the Defendant, Gonzalez.

15.  Furthermore, the investigation conducted by the Iowa State Patrol attached as Exhibit B, indicates no mechanical defect in the subject 2000 Mercury Marquis contributed to the accident.   The investigating officer found that the TCSI tractor trailer became disabled on Interstate 80 after the air brake line was cut, locking the brakes.  Exhibit B, Iowa State Patrol Report pg. 1.   The driver of the TCSI tractor trailer placed emergency triangles behind her tractor trailer after the vehicle was disabled.    Exhibit B, Iowa State Patrol Report pg. 2.   Traffic approaching the tractor trailer was slowing because of the disabled tractor trailer. Exhibit B, Iowa State Patrol Report pg. 2.   Mr. Arizpe then struck a vehicle driven by Patrick J. Calhoun that had slowed for the disabled tractor trailer. Exhibit B, Iowa State Patrol Report pg. 2.   After striking Mr. Calhoun's vehicle, Mr. Arizpe lost control of his vehicle and slid into the rear of the tractor trailer. Exhibit B, Iowa State Patrol Report pg. 2. There were no skidmarks left by Mr. Arizpe's vehicle prior to the collision with Mr. Calhoun's vehicle.   Exhibit B, Iowa State Patrol Report pg. 3.   Instead, an eyewitness indicated that Mr. Arizpe was speeding with a cell phone to his ear immediately prior to the collision. Exhibit B, Iowa State Patrol Report, Statement of Abby Williams.   The investigating officer, however, did find skid marks from the 2000 Mercury Marquis following the initial impact and before the second impact with the tractor-trailer indicating the brakes were functioning at the time of the accident. Exhibit B, Iowa State Patrol Report pg. 3.

16.  Plaintiff has no evidence that Mr. Arizpe experienced a mechanical defect in the 2000 Mercury Marquis prior to the accident, nor will Plaintiff be able to indicate

that such a defect existed.   The facts of the accident indicate that the 2000 Mercury Marquis was functioning properly prior to the accident.   No mechanical defect was indicated in the 2000 Mercury Marquis during the investigation of the accident by John Goebelbecker or the Iowa State Patrol.  See attached Exhibit A, Affidavit of John Goebelbecker and Exhibit B, Iowa State Patrol Report. Mr. Arizpe passed away at the scene before providing any statement about how the accident occurred.   Exhibit B, Iowa State Patrol Report pg. 1.  As a result, the facts of this accident indicate that Plaintiff has no cause of action Guadalupe Gonzalez and cannot hope to establish such a claim.   Therefore, the only reason for Plaintiff's inclusion of Guadalupe Gonzalez as a party to this litigation is to defeat diversity jurisdiction. Thus such joinder is improper and should not be allowed to defeat the removal of this case to Federal Court.

### C.  Amount-in-Controversy

17.     Diversity jurisdiction is proper where a preponderance of the evidence establishes that the amount in controversy exceeds the jurisdictional minimum. *See Williams v. State Farm Mut. Auto. Ins. Co.,* 931 F.Supp. 469, 471 (S.D. Tex. 1995) (*citing Allen v. R&H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995)).  This requirement may be met where it is "facially apparent" from the petition that the plaintiff's claims are likely to exceed the jurisdictional minimum.  *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Allen,* 63 F.3d at 1335.

18.     It may be apparent on the face of a petition that a plaintiff's claim for wrongful death and related damages, including loss of companionship, funeral expenses,

and suffering prior to death, exceeds the jurisdictional amount. *See De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir.1993) (holding that it is facially apparent that claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses exceeded the then minimum time of removal). Furthermore, Plaintiffs have alleged that the damages sought are "far in excess…of the minimum $75,000.00 jurisdictional limits of the Federal Courts."  See attached Exhibit C, *Plaintiffs' First Amended Original Petition and Request for Disclosure,* at Docket Entry 4, p. 5.).

### D.  Other Requirements

19.  All proper Defendants who have been properly served consent to and join in the removal of this case to federal court. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004); *see* 28 U.S.C. § 1446(a).

20.  Copies of all pleadings, process, orders, and other filings in the state-court suit are attached as Exhibit C, to this notice as required by 28 U.S.C. § 1446(a).

21.  Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.  However, Defendant believes the subject lawsuit will need to be transferred to the United States District Court of Iowa, Southern District in Des Moines, IA.

22.  Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit has been pending.

23.  A list of all attorneys appearing in the subject action is attached as Exhibit D, List of Attorneys.

### E.  Jury Demand

24.     Plaintiffs demanded a jury in the state-court suit.  Defendant likewise made a

demand for trial by jury.

### F. Conclusion

25.     For these reasons, Defendant asks the Court to remove the suit to The United

States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas  78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY:     _____
RICARDO R. REYNA
State Bar No. 16794845
Email:  rreyn@bpgrlaw.com
JASON L. WEST
State Bar No. 24042597
Email:  jwest@bpgrlaw.com

ATTORNEYS FOR DEFENDANT, **TCSI-
TRANSLAND, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that on the 10th day of June, 2015, I electronically filed *Defendant's Notice of Removal* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Josh Hopkins
Hopkins Law Group
Frost Bank Plaza
802 N. Carancahua, Suite 2100
Corpus Christi, TX 78401

Gregory Herrman
Herrman & Herrman, P.L.L.C.
The Herrman Building
1201 3rd Street
Corpus Christi, TX 78404

_____
RICARDO R. REYNA
JASON L. WEST